IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI HANSEN, Personal Representative of the Estate of CHARLES SECREST and BEVERLY SHINNEN, Personal Representative of the Estate of SOPHIE STAR SAKEWICZ,<br><br>                Plaintiffs,<br><br>     v.<br><br>BRANDYWINE NURSING AND REHABILITATION CENTER, INC.,<br><br>                Defendant. | Civil Action No. 21-649-CFC |

Michael Patrick Minuti, MCCANN & WALL LLC, Wilmington, Delaware; Neil Raymond Lapinski, Phillip Anthony Giordano, GORDON, FOURNARIS & MAMMARELLA, Wilmington, Delaware

     *Counsel for Plaintiffs*

Stephen J. Milewski, Roopa Sabesan, WHITE & WILLIAMS, Wilmington, Delaware

     *Counsel for Defendant*

**MEMORANDUM OPINION**

January 19, 2022
Wilmington, Delaware

*[signature: Colm F. Connolly]*<br>
COLM F. CONNOLLY<br>
CHIEF JUDGE

Plaintiffs Terri Hansen, as a personal representative of the estate of Charles Secrest, and Beverly Shinnen, as a personal representative of the estate of Sophie Star Sakewicz, filed this lawsuit against Defendant Brandywine Nursing and Rehabilitation Center, Inc. (Brandywine) on March 23, 2021 in the Superior Court of the State of Delaware. Secrest and Sakewicz were elderly residents at Brandywine when they contracted COVID-19 and died from resulting complications in 2020. Plaintiffs alleged in their Superior Court complaint state law claims for wrongful death, survival rights, gross negligence, willful and wanton negligence, and respondeat superior liability. D.I. 1, Ex. A.

Brandywine removed the case to this Court on May 5, 2021, asserting that Plaintiffs' claims are preempted by the federal Public Readiness and Emergency Preparedness Act (PREP Act)[1] and that the state law claims arise under federal law. D.I. 1 at 4, 12.

---

[1] Congress passed the PREP Act to protect certain individuals from lawsuits arising from a public health emergency. 42 U.S.C. §§ 247d-6d, 247d-6e. The Secretary of the Department of Health and Human Services may invoke the PREP Act upon a determination that a health threat constitutes a public health emergency. 42 U.S.C. § 247d-6e. In March 2020, the Secretary declared COVID-19 a public health emergency under the Act. *See* Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,201 (Mar. 17, 2020).

Pending before me is Plaintiffs' motion for remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. D.I. 14.

## I. LEGAL STANDARDS

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [a case removed from state court] shall be remanded." 28 U.S.C. § 1447(c). The defendant has the burden to show the "existence and continuance of federal [subject matter] jurisdiction" for removal. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). If the defendant fails to meet this burden, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "It is settled that the removal statutes [28 U.S.C. §§ 1441–1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth.*, 809 F.2d at 1010. When deciding whether to remand a case, the district court is to accept as true all factual allegations in the complaint at the time of removal. *Id.*

## II. ANALYSIS

Plaintiffs say a remand is required because the Court lacks subject matter jurisdiction. D.I. 15 at 3. It is undisputed that diversity jurisdiction does not exist here. Plaintiffs argue that, because their Superior Court complaint alleges only state law claims, federal question jurisdiction also does not exist. D.I. 15 at 3.

2

Brandywine counters that (1) the PREP Act completely preempts Plaintiffs' claims and (2) Plaintiffs' complaint implicates the PREP Act and thus presents a substantial federal question under the *Grable* doctrine. D.I. 19 at 1–2; *see generally Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that the "test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties" is whether "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

The Third Circuit rejected both arguments advanced by Brandywine in *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 402 (3d Cir. 2021). Brandywine argues that *Maglioli* was wrongly decided, *see* D.I. 22-A, but it is not the district court's prerogative to ignore controlling precedent. *Maglioli* is binding precedent that dictates the result here; and so, I will grant the present motion and remand the case to the Superior Court.

### A. Complete Preemption

Brandywine argues that "[t]he PREP Act satisfies both prongs of the complete preemption analysis because it preempts a wide array of state law claims and simultaneously provides an exclusive federal cause of action[.]" D.I. 19 at 7.

3

But the Third Circuit rejected this broad reading of the PREP Act in *Maglioli*. As the Court explained:

> A statute is completely preemptive if it provides the exclusive cause of action for the claim asserted and also sets forth procedures and remedies governing that cause of action. As applied to this case, we ask whether the PREP Act provides the exclusive cause of action for negligence claims against the nursing homes. . . . Here, the PREP Act creates an exclusive cause of action for willful misconduct. But the estates allege only negligence, not willful misconduct. The estates' negligence claims thus do not fall within scope of the exclusive federal cause of action. They are not completely preempted, so they belong in state court.

*Maglioli*, 16 F.4th at 407–08 (internal quotation marks, citations, and alterations omitted).

The Court next considered in *Maglioli* "whether the [plaintiff] estates could have brought their claims under the PREP Act's cause of action for willful misconduct." *Id.* at 410. The Court held they could not have because the estates did not allege that "the nursing homes acted with intent 'to achieve a wrongful purpose[]' or with knowledge that their actions lacked 'legal or factual justification.'" *Id.* at 411 (citing 42 U.S.C. § 247d-6d(c)(1)(A)). As the Court explained:

> Willful misconduct is a separate cause of action from negligence. The elements of the state cause of action need not precisely duplicate the elements of the federal cause of action for complete preemption to apply. But complete preemption does not apply when federal law creates an entirely different cause of action from the state claims in the complaint. Congress could have created a cause of action for negligence or general tort liability. It did not. Just as intentional torts, strict liability, and negligence

4

are independent causes of action, so too willful misconduct under the PREP Act is an independent cause of action.

*Id.* at 411.

Like the estates in *Maglioli*, Plaintiffs here allege various state law claims; and like the estates in *Maglioli* Plaintiffs do not allege that any act or omission was taken "intentionally to achieve a wrongful purpose" and "knowingly without legal or factual justification[.]" *See* 42 U.S.C. § 247d-6d(c)(1)(A). Accordingly, Plaintiffs have not alleged a claim for willful misconduct under the PREP Act. It is true that Count IV of Plaintiffs' Complaint is titled "Willful and Wanton Misconduct," but, without specific allegations of wrongful purpose, that bare characterization does not state a claim for willful misconduct within the bounds of the Act. *See Maglioli*, 16 F.4th at 411 ("Employing standard language for a punitive-damages request, the estates allege the nursing homes engaged in 'conduct that was grossly reckless, willful, and wanton.' But we cannot infer from that fleeting statement that the estates allege the nursing homes acted with intent 'to achieve a wrongful purpose,' or with knowledge that their actions lacked 'legal or factual justification.'" (citations omitted)).

B.  **Substantial Federal Question**

The Court in *Maglioli* also rejected the argument that removal is proper because the claims present a substantial federal question under the *Grable* framework. D.I. 19 at 13–14. In the Court's words:

5

> Federal preemption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. Here, the nursing homes would at best be entitled to a preemption defense under the PREP Act. The estates would properly plead their state-law negligence claims without mentioning the PREP Act, so the PREP Act is not an essential element of the plaintiffs' state law claim. We therefore lack federal-question jurisdiction under *Grable*.

*Maglioli*, 16 F.4th at 413 (internal quotation marks, citations, and alterations omitted).

## III. CONCLUSION

As the Third Circuit explained in *Maglioli*, "[f]ederal courts have limited jurisdiction. Here, the estates of the deceased filed wrongful-death lawsuits against the nursing homes. They filed in state court and asserted only garden-variety state-law claims, so state court is where these cases belong." *Id.* at 413. Accordingly, I will remand this case.

6