IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI HANSEN, Personal Representative of the Estate of CHARLES SECREST and BEVERLY SHINNEN, Personal Representative of the Estate of SOPHIE STAR SAKEWICZ, <br><br> Plaintiffs, <br><br> v. <br><br> BRANDYWINE NURSING AND REHABILITATION CENTER, INC., <br><br> Defendant. | Civil Action No. 21-649-CFC |

Michael Patrick Minuti, MCCANN & WALL LLC, Wilmington, Delaware; Neil Raymond Lapinski, Phillip Anthony Giordano, GORDON, FOURNARIS & MAMMARELLA, Wilmington, Delaware

   *Counsel for Plaintiffs*

Stephen J. Milewski, Roopa Sabesan, WHITE & WILLIAMS, Wilmington, Delaware

   *Counsel for Defendant*

**MEMORANDUM OPINION**

February 24, 2022
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Pending before me is Defendant Brandywine Nursing and Rehabilitation Center, Inc.'s Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). D.I. 28. The motion was filed on January 23, 2022—four days after I ordered that the case be remanded to the Superior Court of Delaware for lack of subject matter jurisdiction, D.I. 26, and two days after the Clerk's Office sent a certified copy of the remand order to the Superior Court, D.I. 27. Plaintiff filed an opposition to the motion. D.I. 29.

Although Plaintiff did not address whether the Court has subject matter jurisdiction over the motion, I "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This Court lost subject-matter jurisdiction over the case when the Clerk's Office sent the certified copy of the remand order to the Superior Court. *See Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355–56 (3d Cir. 2013) (holding that a District Court loses the jurisdiction to reconsider a remand order once a certified copy of the remand order is sent to state court because that event "formally transfers jurisdiction from a district court within this Circuit to a state court"); *see also Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1257 (3d Cir., 1996) ("[T]here is no doubt that . . . the

district court should not have reconsidered the order of remand after the clerk of the district court sent the certified copy of the order to the clerk of the Superior Court.") Accordingly, I will dismiss the motion for lack of subject matter jurisdiction.